UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADVANCED MAGNESIUM ALLOYS CORPORATION, </br></br>    Plaintiff, </br></br>        v. </br></br> ALAIN DERY, et al., </br></br>    Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> )  No. 1:20-cv-02247-RLY-MJD </br> ) </br> ) </br> ) </br> ) |

**ORDER ON MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees [Dkt. 141]. For the reasons set forth below, the motion is **GRANTED** to the extent and for the reasons set forth below.

### I. Background

On April 19, 2021, the Court entered an order ("the Order") granting in part and denying in part Plaintiff's motion to compel discovery from Defendant Alliance Magnesium, Inc. ("Alliance"). [Dkt. 120]. The motion related to Alliance's responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, which were served on Alliance in October 2020. Alliance served its written responses in December 2020 and supplemental responses in January 2021. When the motion to compel was filed on March 5, 2021, Plaintiff asserted that Alliance's responses were still deficient, in that Alliance had

> (1) failed to provide complete answers to Interrogatory Nos. 2, 3, 4, 5, 9, 10, 14, and 17; (2) refused to search for copies of documents Dery took from [Plaintiff]; (3) indicated that it will refuse to produce one of its directors for deposition; (4) failed to produce thousands of documents it already identified as being responsive to agreed-upon search terms; (5) improperly designated as "Highly Confidential

> – Attorneys' Eyes Only" copies of documents that were in the possession of and already produced by [Plaintiff]; and (6) failed to produce a privilege log.

[Dkt. 84 at 4-5.] Alliance further supplemented its responses twice and also produced a privilege log after the motion to compel was filed.

Although Alliance's post-motion supplemental responses resolved some of the issues raised in Plaintiff's motion, several issues remained. Of those remaining issues, the motion to compel was denied as to only two discrete issues—Plaintiff's argument that Tomoo Shirabe was subject to being deposed as a director of Alliance and Interrogatory No. 17. The motion was granted as to the remaining issues, with the exception of some additional information that Plaintiff sought regarding a few other interrogatories. The Order concluded as follows:

> Given that the bulk of Alliance's substantive responses to Plaintiff's discovery requests occurred only after the motion was filed, and the fact that Plaintiff was successful with regard to most of the remaining issues, Plaintiff may file a motion for attorneys' fees . . . . Any motion for fees shall specifically account for those issues on which Plaintiff was not successful.

[Dkt. 120 at 19-20.] Plaintiff now seeks an award of attorneys' fees in the amount of $59,061.45.

## II. Discussion

Under Federal Rule of Civil Procedure 37(5)(A), if a motion to compel is granted or the "requested discovery is provided after the motion was filed," the moving party is entitled to the "reasonable expenses incurred in [making or opposing] the motion, including attorney's fees," unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the position taken by the non-prevailing party "was substantially justified," or "other circumstances make an award of expenses unjust." If the motion to compel is granted in part and denied in part, the Court has discretion to "apportion the reasonable expenses for the motion." Fed. R. Civ. Proc. 37(a)(5)(C). "In determining the proper

2

apportionment of expenses, or whether to apportion expenses at all, the court will look to the relative degree of success of the party seeking fees." *Belcastro v. United Airlines, Inc.*, 2020 WL 1248343, at *4 (N.D. Ill. Mar. 15, 2020) (internal quotation marks and citation omitted). The rule is designed to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." Fed. R. Civ. P. 37(a) (1970 Committee Notes).[1]

### A. Propriety of Awarding Fees

Alliance argues that an award of fees would be improper in this case because its discovery position was substantially justified. "Substantial justification exists if the Motion posited a 'genuine dispute' or if reasonable people could differ as to the appropriateness of the

---

[1] The Court respectfully disagrees with the suggestion in *Osborn v. Griffin*, which is quoted by Alliance, that an award of fees under Rule 37(a) is appropriate only in cases involving "egregious behavior," although the Court notes that the court in *Osborn* applied the applicable standard and declined to award fees because it found that the non-prevailing party's "objections were in response to genuine discovery disputes, the appropriateness of which reasonable people could debate." *Osborn v. Griffin*, 2014 WL 12647954, at *2 (E.D. Ky. July 7, 2014) (citing *Pierce v. Underwood*, 108 S. Ct. 2541, 2550 (1988), and *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005)). The Court also disagrees with the suggestion in *Osborn* that a party has no obligation to respond (beyond making an objection) to an overly broad discovery request. *See id.* ("The Court is unwilling to sanction a party for not unilaterally curing an opponent's faulty discovery. That is, if Party A makes an overbroad request, Party B can legitimately object to that request without being at risk (at least, without more), of facing a sanction for not self-editing the request into a more reasonable form and producing in response."). In fact, Federal Rule of Civil Procedure 33(b) expressly provides that an interrogatory must be answered "to the extent it is not objected to," language that an Advisory Committee Note to the rule explains was added in 1993 to

> emphasize the duty of the responding party to provide full answers to the extent not objectionable. If, for example, an interrogatory seeking information about numerous facilities or products is deemed objectionable, but an interrogatory seeking information about a lesser number of facilities or products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products.

contested action." See *Tecnomatic, S.P.A., v. Remy, Inc.*, 2013 WL 6665531, at *1 (S.D. Ind. Dec. 17, 2013) (citing *Fogel v. Bukovic*, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011)).

Alliance's argument that its position was substantially justified relies in large part on the fact that it was partially successful in defending against the motion to compel. It was, but not substantially so. As noted above, the Court denied the motion in some respects; the Court also narrowed the scope of one of the contested interrogatories. The fact that Plaintiff was not wholly successful will be taken into consideration with regard to the amount of the fee award, but Alliance's very limited success in defending against the motion to compel does not change the fact that it failed to comply with its discovery obligations in the several months prior to the filing of the motion to compel and, in some respects, continued to do so until after the Order was issued.

Alliance also argues that its position with regard to Plaintiff's document requests was substantially justified because, when the motion to compel was filed on March 5, 2021, Alliance was in the process of producing the documents that were found by searching for the 159 search terms the parties agreed upon on February 16, 2021. Plaintiff acknowledged in its motion that Alliance's production was ongoing, but objected to the fact that Alliance had "backed away from any commitment to a firm deadline for the bulk of its document production." [Dkt. 84 at 14.] In its reply brief, Plaintiff identified several categories of documents that Plaintiff described as "documents that 'would have likely hit for the agreed-upon search terms, or should have been provided along with Alliance's Federal Rule of Civil Procedure 26(a)(1) initial disclosures of its

insurance coverage,' but which had not yet been produced by Alliance." [2] [Dkt. 120 at 14-15.] Noting that Alliance did not address this issue in its surreply, the Court ordered Alliance to produce those documents. Alliance now asserts that "such categories were not hits on the agreed-upon search terms," and argues that it did not "address this issue in its surreply, because it thought—perhaps mistakenly so—that its surreply had to be limited to the issues for which it sought leave, namely the MD5 Hash issue and the production of document families." [Dkt. 148 at 10 n.1.] This argument is nonsensical, inasmuch as Alliance filed its proposed surreply along with its motion for leave, *see* [Dkt. 100], and therefore could have chosen to address **any** of the new issues raised by Plaintiff in its reply brief. It simply did not do so. Thus, Alliance's position with regard to these categories of documents could not have been substantially justified because Alliance did not take any position on them.

Finally, the Court notes that Alliance's argument that its position was substantially justified wholly ignores the fact that Alliance failed to comply with its obligations under Federal Rule of Civil Procedure 33(d) and baselessly designated as "Attorneys' Eyes Only" documents that Plaintiff obtained outside of the discovery process. Alliance also points to the issues relating to Interrogatories Nos. 2, 3, 4, and 5, as issues on which it partially prevailed, while ignoring the fact that Alliance did not serve its second supplemental responses to those interrogatories until after the motion to compel was filed.

Alliance's discovery position overall was not substantially justified and its unjustified objections and other failures to comply with its discovery obligations necessitated the filing of

---

[2] Plaintiff could not have raised this issue earlier because it had not yet received the bulk of Alliance's document production at the time it filed its motion to compel.

Plaintiff's motion to compel. Further, while Alliance characterizes its discovery position as a series of reasonable judgment calls with which the Court simply disagreed, and therefore argues that an award of fees would be unjust, that argument ignores the issues on which Alliance's position was entirely unreasonable. Accordingly, the Court, in its discretion, finds that an award of fees is appropriate.

### B. Amount of the Award

Having determined that an award of fees is appropriate, the Court must determine the appropriate amount of that award. "[T]he 'starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'" *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016) (quoting *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317-18 (7th Cir. 2003)). District courts have a great deal of discretion with regard to assessing the reasonableness of the hours expended by counsel. *See Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007) ("'If ever there were a case for reviewing the determinations of a trial court under a highly deferential version of the "abuse of discretion" standard, it is in the matter of determining the reasonableness of the time spent by a lawyer on a particular task in a litigation in that court.'") (quoting *Ustrak v. Fairman,* 851 F.2d 983, 987 (7th Cir. 1988)). For the second half of the lodestar calculation, "[t]he reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. 'The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Id.* (citations omitted). "The burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Id.* (citation omitted).

Plaintiff seeks an attorneys' fee award in the amount of $59,061.45. This represents 130.6 hours of work that were billed by three lawyers at Barnes & Thornburg LLP and 4.6 hours of work that was billed by Irving Geslewitz from Much Shelist PC. Alliance does not object to the hourly rates sought, and the Court finds them to be reasonable.

Alliance does argue that the number of hours Plaintiff has included in the lodestar calculation is unreasonable. Specifically, Alliance argues that many of the hours Plaintiff has included relate to the discovery process in general and are not sufficiently limited to the issues involved in the motion to compel. Alliance points to five time entries that it argues do not relate to the motion to compel, in whole or in part. *See* [Dkt. 148 at 14-16]. As to three of them, Alliance objects to the fact that they include work on a timeline; however, as explained in Plaintiff's reply, the timeline in question directly related to issues raised in the motion to compel. Accordingly, the Court finds these three entries properly included. Alliance objects to another of the entries because it includes conferring "regarding deposition of director and supplementing Interrogatory section," which Alliance interprets as "conferring about depositions." *Id.* at 16. However, in context, this obviously refers to work on the motion to compel and thus was properly included. Alliance objects to the fifth entry because it includes work related to a motion to seal; however, inasmuch as the motion to seal was necessitated by the filing of the motion to compel, that entry was properly included as well.

Alliance also identifies three time entries as relating to the parties' negotiations regarding the search terms to be used by Alliance. The Court agrees that this work is not properly included in the fee award, and will exclude the $2,422.31 billed in those three entries.

Finally, as discussed above, there were a number of issues raised in the motion to compel on which Plaintiff was not entirely successful. The Court recognizes Plaintiff's statement that it

> is not seeking reimbursement for (and has excluded) those tasks expressly related to its efforts to compel Mr. Shirabe's deposition. Plaintiff's time dedicated specifically to Interrogatory No. 17 is *de minimus*. Nonetheless, in recognition of the fact that a small portion of its overall time on the Motion to Compel relates to these two issues, Plaintiff: (1) is not seeking reimbursement of Mr. Geslewitz's time on Motion to Compel issues from December 2020, January 2021, February 2021, April 2021, or May 2021; and (2) has—in addition to excluding time entries expressly relating to the deposition of Mr. Shirabe—also excluded thousands of dollars of time entries from Barnes & Thornburg LLP on issues related to the Motion to Compel.

[Dkt. 142 at 5.] However, because the Court does not have any details regarding the total of the excluded work, and because there were additional issues—such as the narrowed interrogatories—on which Plaintiff was not entirely successful, the Court cannot determine whether Plaintiff has adequately reduced the amount of fees it is seeking. Accordingly, the Court finds it appropriate to reduce the remaining $56,638.69 ($59,061.45 - $2,422.31) by twenty percent to account for those issues on which Plaintiff did not prevail, in whole or in part. Accordingly, the Court will award fees in the amount of $45,310.95, which the Court finds to be a reasonable amount of fees given all of the relevant circumstances.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees [Dkt. 141] is **GRANTED** to the extent that the Court awards fees to Plaintiff in the amount of $45,310.95; Alliance shall pay that amount to Plaintiff **within thirty days of the date of this order**.

SO ORDERED.

Dated: 28 DEC 2021

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

8

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.