UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADVANCED MAGNESIUM ALLOYS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:20-cv-02247-RLY-MJD |
| ALAIN DERY, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER ON MOTION FOR LEAVE TO FILE THIRD-PARTY CLAIM**

This matter is before the Court on Defendant Alain Dery's Motion for Leave to File

Third-Party Claim.  [Dkt. 233.]  For the reasons set forth below, the motion is **DENIED**.

**I. Background**

According to the Second Amended Complaint in this case, [Dkt. 195], Defendant Dery

served as Vice President of Sales & Marketing for Plaintiff Advanced Magnesium Alloys

Corporation ("AMACOR"), the largest magnesium recycling facility in the world, from 2016

until June 2020.  AMACOR alleges that Defendant Alliance Magnesium, Inc. ("Alliance"),

wishing to enter the magnesium recycling market,

> secretly engag[ed] Dery, who they knew was employed by AMACOR in Indiana in a high-level capacity, to exploit the knowledge he had gained through his access to AMACOR's trade secrets and confidential information that were part of the blueprint of AMACOR's success.  Over the course of his relationship with AMACOR, Dery served as Alliance's mole within AMACOR, responding to Alliance's frequent requests for information about such matters as scrap pricing strategy, customer preferences, plant production processes and capabilities, and other types of inside information relating to magnesium recycling, using knowhow that Dery had learned through his association with AMACOR. . . .  As a reward, Alliance eventually offered and Dery signed a lucrative employment agreement as Alliance's Senior Vice President of Sales and Marketing with a substantial equity stake in its new operation.

*Id.* at 3.  AMACOR asserts claims against Dery for breach of fiduciary duty, breach of contract, violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, violation of the Indiana Uniform Trade Secrets Act, unfair competition, and civil conspiracy.  AMACOR asserts similar claims against Defendants Alliance and Wogen Resources America, LLC.[1]  Finally, AMACOR alleges that all of the Defendants have breached a Standstill Order and Agreed Injunction that were entered in this case.

## II.  Discussion

During the time period relevant to the Second Amended Complaint, Alliance maintained Management Liability insurance via policies issued by several insurers (collectively referred to hereafter as the "Insurers").  In the instant motion, Dery seeks leave to assert third-party claims against the Insurers.  In his proposed Third-Party Complaint, Dery alleges that he is an "Insured Person" under the relevant insurance policies and thus he is entitled to defense and indemnity from the Insurers, each of which has rejected Dery's demand for defense and indemnity on the ground that Dery is not an Insured Person under the policies.  Dery seeks to assert a claim for declaratory judgment establishing the Insurers' duty to defend and indemnify Dery in this case, as well as claims for breach of contract and bad faith arising out of the Insurer's failure to defend Dery in this case and indemnify him for any damages and costs arising from the claims in this case.

Dery's motion is based on Federal Rule of Civil Procedure 14(a)(1), which provides, in relevant part:

---

[1] AMACOR alleges that Defendant Wogen, which serves as Alliance's marketing and sales agent for magnesium sales in the United States, was also involved in the alleged tortious actions.

2

A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

"Pursuant to Fed. R. Civ. P. 14(a)(1), leave to file a third-party complaint under Rule 14(a) is committed to the sound discretion of the Court." *Brautigam v. Damon*, 2015 WL 11018199, at *6 (S.D. Ohio Nov. 17, 2015), *report and recommendation adopted,* 2016 WL 792014 (S.D. Ohio Mar. 1, 2016) (citing *Stevens v. Lazzarini*, 2002 WL 1584277, at *1 (S.D. Ohio Mar. 23, 2002) (in turn citing *General Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960))).  "Congress enacted Rule 14 'to permit the liberal joinder of parties so that judicial energy could be conserved and consistency of results guaranteed.'" *United States v. All Meat & Poultry Prod. Stored at LaGrou Cold Storage*, 2003 WL 21780963, at *1 (N.D. Ill. July 30, 2003) (quoting *State of New York v. Solvent Chem. Co., Inc.*, 179 F.R.D. 90, 93 (W.D.N.Y. 1998)).

In considering whether to allow a third party complaint, the court looks to "the timeliness of the motions and whether the third-party complaint will introduce unrelated issues to the litigation or unduly complicate the original suit." *Central States, Southeast and Southwest Areas Pension Fund v. Gopher News Co.*, 542 F. Supp.2d 823, 826 (N.D. Ill. 2008) (citing *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993)); *see also Muniz v. Rexnord Corp.*, No. 04 C 2405, 2006 WL 1749646, 1 (N.D. Ill. June 21, 2006) ("The decision to permit a third-party complaint is within the sound discretion of the trial court, based on the timeliness of the motion and the reasons for the delay."). Rule 14 is designed to promote judicial efficiency "by eliminating the necessity for a defendant to bring a separate action against a third-party who may be secondarily liable to the defendant for all or part of the original claim." *Central States*, 542 F. Supp.2d at 826; *see Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975).

*LaFlamboy v. Landek*, 2009 WL 10695378, at *2 (N.D. Ill. Apr. 2, 2009); *see also All Meat & Poultry Prod.*, 2003 WL 21780963, at *1 ("[M]otions to implead third-party defendants should be freely granted . . .  unless [it] would prejudice the plaintiff, unduly complicate the trial, or

3

would foster an obviously unmeritorious claim.") (citation omitted); *Brautigam*, 2015 WL 11018199, at *6 (same).

In this case, it is clear that permitting impleader would interject entirely new contract interpretation issues into this case that would unduly complicate the trial.  In addition, there is no dispute that trying the proposed third-party claims along with the claims already at issue in this case would prejudice Dery's co-defendant, Alliance, because there would be no way to avoid introducing evidence that Alliance has insurance coverage related to the claims in this case.  *See* [Dkt. 242 at 1] ("If the Court grants Dery leave to file a Third-Party Complaint, Alliance asserts that Dery's claims against Alliance's insurers must be severed and, at a minimum, tried separately.  The fact that Alliance has insurance should not be made known to the jury at trial.  There would be no way to avoid that if Dery's claims against Alliance's insurers were tried as part of the claims in this case.").  Accordingly, the parties—including Dery—all agree that if Dery's motion is granted, Dery's claims against the Insurers should be severed.  *See* Fed. R. Civ. Proc. 14(a)(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately.").

The Court agrees that Dery's proposed third-party claims should not be tried with the claims that are already in this case.  However, the Court disagrees that the best course of action is to grant Dery leave to assert those claims and then sever them.  None of the goals of Rule 14 would be furthered by doing so, as the third-party claims would simply proceed in an entirely separate case.  Dery argues that "impleader of the Insurers will promote resolution of this matter by ensuring the Insurers contribute to Dery's defense, indemnify him for resulting damages, and participate in future settlement discussions," [Dkt. 233 at 4], but that is simply not true.  Simply asserting claims against the Insurers would not result in them defending and indemnifying Dery;

4

Dery would have to prevail on those claims first.  If the claims are going to proceed in a separate case, for purposes of judicial economy, it makes no difference whether that case proceeds here or in another court.

Given that judicial economy will not be furthered by proceeding in the manner suggested by the parties—that is, granting Dery leave to assert third-party claims against the Insurers and then promptly severing those claims—the Court finds, in its discretion, that the better course of action is to deny Dery's motion.  Dery may pursue his claims against the Insurers wherever those claims may be properly brought; there is simply no judicial economy to be gained by permitting them to be brought as a separate action in this Court.   Accordingly, Defendant Alain Dery's Motion for Leave to File Third-Party Claim, [Dkt. 233], is **DENIED**.

SO ORDERED.

Dated:  28 JAN 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.